[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Raising two assignments of error, defendant-appellant Belinda Olverson appeals her conviction for one count of domestic violence in violation of R.C. 2919.25(B).
In the first assignment of error, Olverson contends that the trial court abused its discretion by admitting an unauthenticated 911 tape recording into evidence, as it was hearsay. "The admission or exclusion of relevant evidence rests within the sound discretion of the trial court." State v. Sage (1987), 31 Ohio St.3d 173, 510 N.E.2d 343, paragraph two of the syllabus. For an abuse of discretion, it must be determined that the trial court's decision was unreasonable, arbitrary or unconscionable, and not merely an error of law or judgment. SeeBlakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140,1142.
App.R. 9 requires that all proceedings, except video, be transcribed in written form. The record transmitted to this court contains no transcription of the tape, but only the tape itself. While we have authority to order the record supplemented by transcription of the tape, we deem it unnecessary to review of the assigned error. Conclusive proof of authenticity is not required, but only a sufficient foundation for the trier of fact to conclude that the evidence is what its proponent claims it to be. See State v. Easter (1991), 75 Ohio App.3d 22, 25,598 N.E.2d 845, 847- 848.
The authentication requirements of Evid.R. 901 were met in this case. The victim testified that he made a 911 telephone call; the victim identified his wife's voice, as well as his own, on the 911 tape; and the victim answered in the affirmative when asked whether the 911 tape was a fair and accurate recording of the telephone call that he had made. The trial court limited the evidence from the 911 tape only to those statements of the victim and his wife. Further, any lack of testimony completing a chain of custody for the evidence did not render it inadmissible, but rather only affected the weight that the evidence might be given. See State v. Ewing (Apr. 14, 1999), Lorain App. No. 97CA006944, unreported, see, also, State v. Barzacchini (1994),96 Ohio App.3d 440, 458, 645 N.E.2d 137, 148. We reject Olverson's contention that the trial court abused its discretion in admitting the 911 tape into evidence. Accordingly, we overrule the first assignment of error.
In the second assignment of error, Olverson contends that the trial court's finding of guilt was based upon insufficient evidence and was against the manifest weight of the evidence. To reverse a conviction for insufficient evidence, an appellate court, reviewing the evidence in the light most favorable to the prosecution, must determine that no rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. See State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492, paragraph two of the syllabus. In a manifest-weight challenge, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether the trier of fact clearly lost its way and created a manifest miscarriage of justice so as to entitle the defendant to a new trial. See State v. Thompkins (1997),78 Ohio St.3d 380, 387, 678 N.E.2d 541, 546; State v. Martin (1983),20 Ohio App.3d 172, 175, 485 N.E.2d 717, 720.
To convict Olverson of domestic violence, in violation of R.C.2919.25(B), the state had the burden of proving beyond a reasonable doubt that Olverson had recklessly caused serious physical harm to a family or household member. William Olverson, the victim, testified that Belinda Olverson was his wife. He testified that a cut, which required medical attention and seven stitches, had been inflicted by his wife. He testified that he was cut after she swung at him. In Olverson's written statement to the police, she admitted cutting her husband, but attributes it to an accident, although they had argued over $100 transferred by the victim from her savings account into his checking account. Construing the evidence in a light most favorable to the state, we conclude that there was sufficient proof of all the elements of domestic violence. We, therefore, reject Olverson's challenge to the sufficiency of the evidence. Moreover, because we conclude that, in weighing the evidence, the trier of fact did not lose its way and create a manifest miscarriage of justice, we reject Olverson's contention that her conviction was against the weight of the evidence. Accordingly, we overrule the second assignment of error.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
 ______________________ Hildebrandt, P.J.,
Doan and Winkler , JJ.